*Tagged Opinion*



**ORDERED in the Southern District of Florida on June 5, 2017.**

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                  Case No. 16-24842

VANESSA MARIA CRESPO                    Chapter 13

        Debtor.
_____/

**ORDER OVERRULING OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION BY
CREDITOR MIDLAND CREDIT MANAGEMENT, INC.
AS AGENT FOR MIDLAND FUNDING, LLC**

This matter came before me on February 7, 2017, upon the Objection to Debtor's Claim of Exemption by Creditor Midland Credit Management, Inc., as Agent for Midland Funding, LLC (the "Objection") (ECF #28).[1] Midland Funding LLC (the "Creditor") argues that the Debtor permanently waived her right to a head of family exemption (the "Exemption") by failing to assert the exemption in an underlying state court action (the "State Court Action") or seeking to dissolve the writ of garnishment issued by the state court in the subsequent garnishment

---

[1] *See infra* Procedural History pp.3-4.

proceeding (the "Garnishment Proceeding"). At issue is whether a Debtor can waive her Exemption[2] by failing to follow the procedural instructions outlined in Fla. Stat. §77.041. I hold that the failure to follow procedural instructions in Fla. Stat. §77.041 does not constitute an absolute waiver of the Exemption.

## BACKGROUND

The Debtor is the head of her household (ECF #56) and has two dependent daughters (Schedule J and Complaint ¶8). The Debtor's current monthly income is $3,205.63 (Amended Summary of Your Assets and Liabilities and Certain Statistical Information). Debtor filed her voluntary chapter 13 petition on November 11, 2016.

Prior to filing her voluntary petition, the Debtor was involved in the State Court Action brought by the Creditor to recover past due credit card payments. The State Court Action was resolved in favor of the Creditor and a final judgment in the amount of $7,010.69 (the "Final Judgment") was entered against the Debtor (ECF #28 ¶2). Originally, the Debtor and the Creditor had a $50 per month payment plan to repay the Final Judgment; however, the Debtor defaulted on those payments (Complaint ¶¶5-6). After the Debtor defaulted on the payment plan, the Creditor returned to state court and initiated the Garnishment Proceeding to collect the remainder of the Final Judgment. A writ of garnishment was issued by the clerk of the state court on January 28, 2016 (ECF #28 ¶3).

The Debtor was served with a copy of the writ of garnishment and the notice required by Fla. Stat. §77.041 (ECF #28 ¶5). The notice advised the Debtor about her right to claim exemptions and explained the procedure to obtain relief from the Garnishment Proceeding.[3] The Debtor states she sent a form claiming the Exemption and requesting a hearing to the Creditor

---

[2] The head of family exemption is also commonly known as the head of household exemption.
[3] *See infra* Discussion p. 5.

2

(Complaint ¶7)[4]. However, the Debtor never formally asserted the Exemption in the Garnishment Proceeding (ECF #28 ¶5). A default final garnishment judgment was entered in the Garnishment Proceeding (the "Garnishment Judgment"). From May 31, 2016, to the petition date, the Creditor received a total of $5,240.15 in garnished funds (ECF #28 ¶4). After the Debtor filed her petition, the Creditor voluntarily dissolved the writ of garnishment.

## PROCEDURAL HISTORY

The issue of whether the Debtor waived her Exemption was first brought to my attention when the Debtor filed her Motion for Order to Refund Garnished Head of Household Wages (the "Motion for Refund") (ECF #13).[5] The Debtor argued that her wages were exempt under the Exemption notwithstanding that she never claimed the Exemption in the Garnishment Proceeding. The Creditor filed a Response to Debtors (*sic*) Motion to Refund Garnished Wages by Creditor Midland Credit Management, Inc. as Agent for Midland Funding LLC (the "Response") (ECF #23) arguing that the Debtor waived her right to claim the Exemption because she failed to timely request a hearing in state court. The Debtor subsequently withdrew her Motion for Refund (ECF#44).

The Debtor then filed an adversary proceeding putting forth the same arguments in her Complaint that she made in her Motion for Refund[6] and making further arguments that the Creditor's failure to return the garnished wages after the Debtor filed her petition was a reckless disregard of the Debtor's rights and was punitive in nature. However, the Debtor did not identify

---

[4] Complaint refers to ECF #1 of the adversary proceeding Case. No. 17-1012-LMI.
[5] This case is a procedural mess. Both parties have ignored the Federal Rules of Civil Procedure and the Bankruptcy Rules of Civil Procedure and failed to recognize that there are distinctions between filing documents in the main case and the adversary proceeding.
[6] The Complaint also requests attorney's fees, punitive damages and to avoid the judicial lien of the Creditor on the Debtor's homestead.

3

any causes of action in the Complaint. Instead, the Debtor tried to use the Complaint as a motion to avoid Midland Funding's lien on her homestead as well as a motion for attorney's fees.[7]

The Creditor filed its Objection and a Memorandum in Support of Objection by Creditor Midland Credit Management Inc., as Agent for Midland Funding LLC to Debtor's Claim of Exemption (the "Memorandum in Support of Objection") (ECF #56) which relied on similar grounds as espoused in its Response; namely that the Debtor cannot claim the Exemption because she did not timely assert the Exemption in state court nor did she seek to dissolve the writ of garnishment. The Memorandum in Support of Objection, which was filed in the main case, also improperly asked me to dismiss the Complaint in the adversary proceeding.

The Debtor responded with a Memorandum of Law in Support of Midland Funding LLC Returning the Debtor her Garnished Wages as Default State Court Judgment is Trumped by Head of Household Garnishment Exemption (the "Memorandum in Support of Garnishment Exemption") (ECF #58). In addition to the arguments advanced in the Motion for Refund and the Complaint, the Debtor wanted me to treat the Memorandum in Support of Garnishment Exemption as a motion to avoid judicial lien under 11 U.S.C. §522(f) and a preference action. Those types of motions cannot be hidden in a memorandum. The Memorandum in Support of Garnishment Exemption also sought relief from the Garnishment Judgment under Fed.R.Civ.P. 60(b); however, as I explained at a hearing on May 3, 2017, I cannot give Rule 60(b) relief to an order written by another court. My opinion is limited to the issue of whether the Debtor permanently waived her Exemption by failing to follow the procedural instructions outlined in Fla. Stat. §77.041.

---

[7] I *sua sponte* dismissed the Complaint without prejudice on May 3, 2017, because of the failure to identify any cause of action.

4

## DISCUSSION

The Exemption is codified in Fla. Stat. §222.11. The statute states that "[a]ll of the disposable earnings of a head of family whose disposable earnings are less than or equal to $750 a week are exempt from attachment or garnishment." Fla. Stat. §222.11(2)(a). A head of family is "any natural person who is providing more than one-half of the support for a child or other dependent." Fla. Stat. §222.11(1)(c).

After a writ of garnishment is issued, a judgment debtor receives a notice required by Fla. Stat. §77.041 which instructs the judgment debtor on how to claim an exemption. The notice must state:

> The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you …IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU AND YOU WANT TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN**, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING** AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, **YOU *MUST FILE* THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU *MAY LOSE* IMPORTANT RIGHTS.** YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT….

Fla. Stat. §77.041 (emphasis added).The judgment debtor has the burden of proving that she qualifies for an exemption, *Cadle Co. v. G & G Assocs.*, 757 So.2d 1278 (4th DCA 2000), and the judgment debtor must file a notarized form claiming the exemption with the Clerk's office within 20 days after receiving the notice.

The Debtor argues that the form language "you may lose important rights" means that she did not waive her right to claim the Exemption by failing to file the form. The Creditor argues that the language "you must file the form…within 20 days" means that if the form is filed outside of that time period, the judgment debtor waives her right to claim the Exemption.  The

Creditor maintains that because the Debtor failed to file the form, the Debtor permanently waived her rights to claim the Exemption.

To answer the question at issue, I must read both statutes and consider them under the framework of the rules of statutory construction. *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50 (2004); *see also Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So.2d 54 (1992) (citations omitted). "It is axiomatic that all parts of a statute must be read together in order to achieve a consistent whole. Where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." *Forsythe,* 604 So.2d at 455.

The language of Fla. Stat. §222.11(2)(a) is absolute and states that "**[a]ll of the disposable earnings** of a head of family whose disposable earnings are **less than or equal to $750 a week are exempt** from attachment or garnishment" (emphasis added). Fla. Stat. §77.041 is procedural and sets out the requirements for the judgment debtor to claim her exemptions. The warning in Fla. Stat. §77.041 does not say the judgment debtor *shall* lose valuable rights. The statutes can be read together so that if Fla. Stat. §77.041 is not followed, the judgment debtor *may* lose her ability to claim an exemption; however, failure to adhere to Fla. Stat. §77.041 is not a permanent bar to a judgment debtor's ability to claim an exemption. Therefore, a judgment debtor may claim an exemption after the 20 day period has passed, but should the judgment debtor fail to claim the exemption in the manner set forth in Fla. Stat. §77.041 the statute correctly warns that the exemption MAY be lost.

The Florida legislature knows how to create a waiver. A waiver of the Exemption is possible to the extent that a judgment debtor has disposable earnings greater than $750 a week. However, the judgment debtor must agree to the garnishment of funds in writing. Fla. Stat.

6

§222.11(2)(b). In *In re USAmeriBank v. Klepal*, 100 So.3d 56 (2d DCA 2011), the court noted that "[u]nder section 222.11(2)(a), all of the disposable earnings of a head of family less than or equal to [$750] a week are exempt from attachment or garnishment. No waiver of the exemption by a head of family is permitted for disposable earnings up to and including the amount of [$750]."[8] *See also Williams v. Espirito Bank of Florida,* 656 So.2d 212 (3d DCA 1995) ("[Fla. Stat. §221.11(2)(b)] provides that the head of a family is exempt from garnishment of disposable earnings, unless a written agreement allowing garnishment is executed."); *Maryl v. Hernandez*, 254 So.2d 47 (3d DCA 1971) (allowing debtor to make exemption claim after the final judgment of garnishment was entered and noting "[t]he section providing for exemption for the head of a family of his wages from garnishment expresses a public policy of the State of Florida and must be liberally construed in order to effect the purpose of the statute which is to preserve to the unfortunate debtor and his family a means of living without becoming charges upon the public.").[9] Since the Florida statute prohibits voluntary waiver of disposable earnings under $750 it is inconceivable that the Florida Legislature would allow for involuntary waiver of those same earnings under section 77.041.[10]

At this time I will not address whether the Creditor must turn over the previously garnished funds. The Debtor had previously asked for "refund" of the garnished funds in her Motion for Refund; however she withdrew that motion. Similarly, the Debtor requested that the Creditor repay the garnished funds in the Complaint; however, the Complaint was dismissed

---

[8] The statute has increased the exemption from $500 to $750.
[9] There are cases that hold if the Debtor files a belated claim of exemption, or fails to file a claim of exemption, that the exemption is waived. *See Hendricks & Lewis, PLLC v. Clinton,* 2011 WL 4861855 (N.D. Fla. 2011) (disallowing late filed claim of exemption for social security benefits and revenue of a two-member limited liability company); *see also Zivitz v. Zivitz,* 16 So.3d 841 (2d DCA 2009). I think those cases are wrongly decided.
[10] Here, the Creditor does not contest the Debtor's claim that she was the head of a the family at the time the writ of garnishment was served, or that the Debtor would have qualified for the Exemption if she properly asserted the Exemption prior to the entry of the Final Judgment (ECF #56).

7

without prejudice. At the hearing on February 7, 2017, the Creditor argued that since the funds are no longer identifiable and have been comingled in the Creditor's account, the money did not need to be returned. Since the Creditor did not have supporting case law at the hearing, I gave the Creditor the chance to brief this issue; however, the Creditor never discussed the consequence of the comingled money in any of its written pleadings including the brief.

## CONCLUSION

Based on the foregoing it is ORDERED AS FOLLOWS:

1. The Objection is OVERRULED. The Debtor may claim the head of family exemption in this bankruptcy case.

###

Copies furnished to:
Lawrence Shoot, Esq.

*Attorney Shoot is directed to mail a copy of this Order to all interested parties and file a Certificate of Service with the Clerk of the Bankruptcy Court.*